UNITED STATES of America,

v.

Aurelio Cano FLORES, Defendant.

Criminal Action No. 08–057–16 (BJR)

United States District Court,
District of Columbia.

Signed 05/24/2013

Adrian Rosales, Kelly Barbara Lake,
U.S. Department of Justice, Washington,
DC, for United States of America.

Kristen Grim Hughes, Law Offices of
Kristen Grim Hughes, McLean, VA, Rich-
ard Keith Gilbert, Law Offices of Richard
Keith Gilbert, Washington, DC, for Defen-
dant.

## MEMORANDUM AND ORDER

BARBARA J. ROTHSTEIN, UNITED
STATES DISTRICT JUDGE

### DENYING DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS WIRETAP EVIDENCE

On January 30, 2013, Defendant moved
to suppress all of the evidence arising
from "the unlawful electronic surveillance
conducted by the government on the six
telephone lines containing calls which the
government has identified as calls it in-
tend[ed] to play at trial." Def.'s Mot. at 1.
One day after the filing of Defendant's
motion, on January 31, 2013, Judge Kol-
lar–Kotelly issued an order in a related
case, *United States v. Lerma–Plata*, on a
motion to suppress similar wiretap evi-
dence. *See United States v. Gilberto Ler-
ma–Plata*, Crim. No. 11–238 (Mem. Op.,
January 31, 2011). Both the Government
and Defendant's attorney, in the case be-
fore this Court, made it clear that they
were adopting the arguments made by the

parties in *Lerma–Plata*[1] This Court reviewed the relevant briefing together with the reasoning set forth in Judge Kollar–Kotelly's order and determined that Judge Kollar–Kotelly's order was correct and therefore the wiretap evidence should be admitted.

■ Both the *Lerma–Plata* motion and Defendant's motion concern wiretaps of cellphone conversations made by Mexican nationals in Mexico which were intercepted during the Drug Enforcement Administration's ("DEA") investigation of the Gulf Cartel or "The Company" commencing in 2006. *See United States v. Gilberto Lerma–Plata*, Crim. No. 11–238 (Mem. Op., January 31, 2011). In both *Lerma–Plata* and the instant case, the interceptions at issue were authorized by wiretap orders issued in the Southern District of Texas. These wiretap authorization orders included standard language indicating that if the target device was transferred outside the territorial jurisdiction of the Southern District of Texas, "interception may take place within any other jurisdiction within the United States." *See* Def.'s Opp'n at 13 (quoting Wire Authorization Order). In both *Lerma–Plata* and the instant case, the DEA agents overheard the relevant calls in the DEA's wire room located in Houston, Texas (within the jurisdiction of the Southern District of Texas).

Defendant argued that (1) the wiretap orders did not authorize interception of the calls between two telephones in Mexico; (2) the wiretap calls the government intended to play at trial were intercepted from the Mexican telephone lines; and (3) Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq*, does not grant authority to intercept

communications outside the United States. Def.'s Mot. at 3. The Government responds that a district court can authorize the interception of telephone calls within the United States, even when the communications being intercepted take place outside of the United States, and, furthermore, that the intercepts at issue complied with the wiretap order. Gov't's Opp'n at 2. In its response, the Government also adopted the findings and reasoning made by Judge Kollar–Kotelly on the identical motion brought in *Lerma–Plata*. *Id.* at 1 n.2.

■ The Court, having considered the briefing, finds that the interceptions at issue were lawful for the reasons articulated by Judge Kollar–Kotelly in *United States v. Lerma–Plata* and adopts that ruling in full. Specifically, the Court agrees with Judge Kollar–Kotelly that the authority of the Southern District of Texas to issue a wiretap authorization depended on the location of the intercepts, not the location of the conversations. *See United States v. Gilberto Lerma–Plata*, Crim. No. 11–238 (Mem. Op., January 31, 2012) at 14; 16–17. The Court rejects Defendant's argument that the fact that communications occurred outside the United States renders the wiretaps inadmissible. The fact that the communications took place between cellular phones in Mexico does not undermine the DEA's authority to intercept the calls pursuant to Title III and the wiretap authorization orders. As in *United States v. Lerma–Plata*, the interceptions in this case took place in the DEA wire room located in Houston, Texas (a location within the Southern District of Texas) after they had been accessed by cellular towers located in the United States. Because the communications that are the subject of

1. During the pre-trial for the instant case, Defendant's attorney explained that the reason for filing his motion to suppress so late was because he had just become aware of Lerma–Plata's then-pending motion and wanted to adopt those same arguments for Defendant Cano–Flores.

Defendant's motion to suppress were intercepted within the Southern District of Texas, which was the court that authorized the collection of the wiretap evidence at issue, all communications were intercepted lawfully under Title III and the wiretap orders.

Defendant further argues that the orders authorizing the wiretaps at issue here did not authorize interceptions of calls between two cellphones in Mexico, but rather only allowed interception when the target phone was in the United States. In support, Defendant points to the standard language of the orders stating that if the target device was "transferred outside the territorial jurisdiction" of the Southern District of Texas, "interception may take place within any other jurisdiction within the United States." *See* Def.'s Opp'n at 13 (quoting Wire Authorization Order). This exact language was referenced by the defendant in *United States v. Lerma–Plata* and rejected by Judge Kollar–Kotelly. As Judge Kollar–Kotelly explained, this language was inapplicable to situations where, as here, the court's territorial jurisdiction was determined by the location where the communications were first heard by the law enforcement agents. This Court agrees and rejects Defendant's argument for suppression based upon the language of the wiretap orders.

Accordingly, for all of the reasons discussed in the *United States v. Lerma–Plata* decision and set forth herein, the Court hereby **DENIES** Defendant's supplemental motion to suppress wiretap evidence.

**SO ORDERED.**

May 24, 2013.